Dunkin, Ch.
Concurring entirely, as I do, in the opinion of Chancellor Johnston on the points adjudicated, I desire merely to express my own views on a question, elaborately discussed at the bar, but which it was not deemed necessary to determine.
I think that, under the decree of 1835, and the sale made by the commissioner in pursuance of it, the purchaser took a good marketable title to the premises purported to be conveyed. This is all that is necessary, and all that can be required. Absolute invulnerability can hardly be affirmed of any man’s title.
There can be no doubt that, in making the decree of 1835, the court proceeded advisedly. The will of David Myers and all the interests created by it, immediate or contingent, were brought distinctly to the notice of the court. If all the parties necessary to enable it to make a full disposition of the property were not made, it was the result of a deliberate error in judgment on the part of the distinguished counsel who conducted the cause, and the able and experienced magistrate who pronounced the decree. • The rights, especially of the contingent remaindermen, were obviously contemplated, and precautions were adopted to secure and protect them. If those measures shall have proved fallacious or unavailing (of which this court has yet no satisfactory evidence) it is a result greatly to be regretted, but which no caution or foresight in the administration of justice can always anticipate, or if anticipated, certainly prevent.
*344 The court supposed that all the necessary parties were before it, and the error, if it exist, was not without high authority for its sanction.
In Giffard vs. Hort, 1 Sch. and Lef. 408, the practice is thus stated by Lord Redesdale ; Courts of Equity have determined, on grounds of high expediency, that it is sufficient to bring before the court the first tenant in tail in being, and, if there be no tenant in tail in being, the first person entitled to the inheritance, and, if no such person, then the tenant for life; and as Courts of Equity constantly act, on these parties being before the court, in any thing relating to the whole estate, I do conceive that the decree in the Court of Exchequer, decided against the rights of Sir Duke Giffard and his son Thomas, a minor, and that that is a decision binding the right.” “ Where all the parties are brought before the court, that can be brought before it, and the court acts on the property according to the rights, that appear, without fraud, its decisions must of necessity be final and conclusive.”
This doctrine was afterwards incorporated into the elementary books on pleading. In Cooper, 36, it is said that “ where there is a suit respecting real estate which is settled or devised to one for life, with remainder to the first and other sons in tail in the common way of limiting estates, all the persons interested, as far as the first tenant in tail in existence, must be made parties. But a remainderman expectant upon the estate tail need not be made-a party.” “ It has been repeatedly determined,” says this author, “ that if there be tenant for life, remainder to his first son in tail, remainder over, and he is brought before the court before he. has issue, the contingent remaindermen are'barred, and this is now considered the settled rule in equity, and .of necessity.”
No case, and no dictum, has been cited, which controverts or calls in question the authority on this point of the eminent equity pleader, Lord Redesdale.
In cases of partition it is very well known that the practice of the English Chancery differs from our own. Partition is there effected by directing conveyances to be made by the parties themselves, and where an infant is a party, as the court has no authority to compel an infant to execute a deed (except an infant trustee under the statute of Anne) the conveyance is necessarily delayed until he becomes of age, and he is allowed a day to show cause. But our practice resembles rather the proceedings at law, where the judgment in partition, with possession, constitute, *345 of themselves, a judicial title. It has never been the practice to allow a day to the minor after he becomes of age to show cause against the judgment in partition. In Pell vs. Ball, 1 Rich. Eq. 361, a sale was ordered for the purpose of partition of the entire real estate, against the remonstrances of the guardian of the infant, and the judgment was sustained by the Court of Appeals.
Gaskell vs. Gaskell, 6 Simons, 643 (9 Eng. C. C. R. 448) was a very recent decision of the English Court of Chancery (1836) in which eminent counsel were concerned for the parties. The plaintiff, Milnes, was tenant for life with remainder to his first and other sons in tail of an undivided moiety of certain estates. Gaskell was tenant for life with remainder in the same manner of the other moiety. The plaintiff had no issue. An agreement for partition of the premises had been made between him and Gaskell, which it was the object of the proceedings to carry into effect. It was held after consideration, and upon authority, that “ the partition might very well be carried into effect, notwithstanding the plaintiff was tenant for life onlythat the decree would be binding on the sons when in esse; but the court directed a reference to the master to inquire and state, whether it would be for the benefit of the future issue of the plaintiff, that the agreement should be carried into effect.
It is said, with apparent plausibility, that no court should undertake to dispose of rights, however remote, or contingent, unless all the parties were before them. But the court undertakes to act on the property, and to dispose of it, and makes every provision for the rights of parties, which it is practicable to make. An inflexible adherence to any different rule, is inconsistent with the practice of judicial tribunals in any country, and would fetter estates to a degree entirely inconsistent with the policy of our laws and the habits of our people. Has it ever been doubted since Taltarum’s case, 12 Edw. 4, that a tenant in tail, by suffering a recovery, may dock the entail and cut off all contingent remainders.2 Yet Giddings vs. Hitchcock, 4 Price Exch. Rep. 135, (cited for another purpose at the hearing) arose out of the fact that a contingent remainderman had sold his interest, when it was afterwards ascertained that he had, at the time, no interest, because, entirely without his knowledge, the tenant for life (between whom and himself there was no privity either in blood or estate) had suffefed a recovery. No one questions — all the authorities concur, that the Court of Chancery may dispose of the fee, having before it only the first person who has an estate *346 of inheritance in the premises. According to this familiar practice, neither the contingent remaindermen, nor their rights, are before the court. Yet it is believed, that the validity of such proceedings, or their conclusiveness, has never been questioned. From the earliest period in the history of our equity jurisprudence, it has been the practice of the court to dispose of the real estates of testators, when it became necessary to resort to that fund, for the payment of debts. In most of such cases, contingencies are contemplated by the will not to arise for many years,, contingent remaindermen are provided for who are not in existence, and who may peradventure never come into existencé. It has never been supposed that these circumstances would suspend the action of the court, or invalidate the title made under a decree for sale.
The case illustrates the principle. Suppose it had been necessary to resort to the real estate of Col. Myers in the possession of his several devisees for the payment of his debts. Must the creditors wait until the contingent remaindermen, not yet in esse, have arrived at twenty-one years of age, before they can subject the real estate to the satisfaction of their demands? Without the aid, without the action of this court, they are entirely without remedy. A judgment against the executor would be of little avail, when the land has already been held for years by the heirs or devisees in their own right. See Jones vs. Wightman, 2 Hill, 579; Bird vs. Houze, Speers’ Eq. 250. Any attempt to levy their execution on the lands of one, would, on familiar principles, entitle him to come into this court. Yt is true the devisee and heir are both liable at law for the debt. But would a judgment at law against a devisee for life authorise the sheriff to sell the fee simple ? That remains to be decided. Unless this court had authority to dispose of the fee simple of the estate for the payment of the debts, it is quite cleab that it could not be reached. If it had the authority not having the contingent remaindermen before the court, the validity of the title executed by the officer of the court, is not open to objection. But if the court can make a good title for the payment of debts, if it has authority, in any case, to dispose of the fee, not having those in remainder before it, the exercise of that authority in cases of partition, or for the change of property, becomes' a question of discretion, and not of jurisdiction. It is hardly necessary to say that the vigilance of the court should be more wakeful and anxious, and its interference more cautious in all cases of this *347 character; nor is it perhaps too much to add that its discretion has been sometimes unwisely exercised. But this is not an argument against the authority of the court, or its jurisdiction.
But there is much reason to conclude, from the language of Col. Myers’ will, that he himself contemplated a sale of the estate. It is substantially provided that his six children should hold in severalty, their respective shares of the residuum of his estate, of which these premises were a part. This estate was situated, in very different proportions, not only in several diS1-tricts of the State, but in three or more different State's. In order to make partition among the six different devisees a salé was, obviously and indispensably, necessary. If there was no sale, there could be no partition. The tenants tor life alone, were in esse. All the tenants for life, all the heirs at law of the testator, except those expressly excluded by his will from any interest in his estate, were made parties to the proceedings. All persons having an interest, who could be made parties, were included. Gaskell vs. Gaskell is a direct authority that under such circumstances, partition would be decreed which would bind the issue when in esse. In that case a reference was ordered to inquire if it would be for the benefit of the future issue. In the case of Hemingway vs. Myers a reference was also ordered, which the court is bound to presume was of the same character. On the report of the master, or commissioner, a sale of the premises was directed, according to the uniform practice of the court in cases of partition under similar circumstances, and the title of the complainant is under that sale.
According to my best judgment, the court was well warranted by the practice of Westminster Hall in entertaining the proceedings, and by the laws and practice of this country in ordering a sale, and, therefore, the complainant has no cause to object to the validity of his title.
Harper, Ch. and O’Neall and Wardlaw, JJ. concurred.